OPINION
Defendant-appellant Sara Ward appeals from a judgment and decree of divorce. She contends that the magistrate who conducted the trial abused his discretion when he denied her counsel's motion, made at the time set for the commencement of trial, for a continuance. Mrs. Ward did not object to the magistrate's decision. Two previous trial dates had been continued upon Ms. Ward's motion.
Under these circumstances, we find no abuse of discretion. We also conclude that Mrs. Ward may not assign as error the trial court's adoption of the magistrate's findings of fact and conclusions of law when she interposed no objection thereto.
Accordingly, the judgment of the trial court is Affirmed.
 I
The parties were married in 1980. They have no minor children. Mr. Ward filed this action for divorce in October, 1999. A final hearing was originally scheduled for May 19, 2000, but it was continued "due to Plaintiff's [Mr. Ward's] illness." The final hearing was rescheduled for July 28, 2000, but this date was continued upon Mrs. Ward's motion. A final hearing was again scheduled for September 27, 2000. Again, Mrs. Ward moved for a continuance, and her motion was granted. Final hearing was set for November 16, 2000. For reasons that are not set forth in the record, this date was continued, and the matter was set for a final hearing on February 5, 2001.
On February 5, 2001, at the time fixed for the commencement of the final hearing, Mr. Ward appeared with his attorney, and Mrs. Ward's attorney appeared. Mrs. Ward was not present, and her attorney moved for a continuance. The magistrate denied the motion "based upon the fact that that has been done previously on two occasions." Mrs. Ward's attorney then moved for permission to withdraw as counsel. The magistrate granted this motion, "subject to an application or request to re-enter should, after the decision comes out, your client has some objection if she wishes." Mrs. Ward's attorney then requested that he be sent a courtesy copy of the magistrate's decision, and the magistrate promised to send him a copy.
The final hearing proceeded, in Mrs. Ward's absence, her attorney having withdrawn. The magistrate rendered a decision in which he dealt, upon among other things, with the issue of the motion for a continuance:
 The attorney for the Defendant made an Oral Motion for Continuance as his client was not available to him in Court. The Magistrate finds from the record in this case that this matter has been continued previously at the request of the Defendant. The Magistrate finds that the Defendant has failed to cooperate and work with her attorney in order for him to properly prepare for the hearing in this case. It is the recommendation of the Magistrate that the Court DENY the Motion to Continue.
The Magistrate's decision also granted Mr. Ward's complaint for divorce, divided the property, and noted that neither party had requested spousal support. The trial court adopted the decision as its order. At the bottom of the order, the following notation appeared:
 PURSUANT TO CIV. R. 53, THE FILING OF TIMELY WRITTEN OBJECTIONS BY ANY PARTY TO THIS ACTION SHALL ACT AS AN AUTOMATIC STAY OF EXECUTION OF THE ABOVE DECISION UNTIL THE COURT TAKES FURTHER ACTION AS DELINEATED IN CIV.R. 53.
From the judgment and decree of divorce, Mrs. Ward appeals.
 II
Mrs. Ward's sole assignment of error is as follows:
 THE MAGISTRATE COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO GRANT A CONTINUANCE, AND THE COURT'S DECISION TO PROCEED WITH THE TRIAL DENIED APPELLANT'S DUE PROCESS OF LAW.
Civ.R. 53(E)(3)(b) provides, in pertinent part, as follows:
 A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
The order from which this appeal is taken is the judgment and decree of divorce. The magistrate's denial of Mrs. Ward's motion for a continuance of the hearing cannot be deemed to have prejudiced her unless it led to the adoption of a finding of fact or conclusion of law that was prejudicial to her. In that event, she was required to file an objection to the magistrate's decision with the trial court, setting out as the grounds for her objection the magistrate's denial of her motion for a continuance. No such objection was filed. Mrs. Ward could also have appealed to the trial court from the magistrate's denial of her motion for a continuance, pursuant to Civ.R. 53(C)(3)(b). She did not do so. To permit Mrs. Ward to raise this issue on appeal, without first having given the trial judge the opportunity to correct the alleged error, frustrates the purpose of Civ.R. 53(E)(3)(b), which is to allow trial judges the first opportunity to correct any errors that occur during proceedings before a magistrate in their courts. Consequently, we conclude that Mrs. Ward is not permitted to assign as error in this appeal the magistrate's denial of her motion for continuance.
However, we note that, if we were permitted to consider her assignment of error, we would find no abuse of discretion. As Mrs. Ward notes in her brief, the granting or denying of a continuance is generally left to the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65. In the case before us, the trial had been continued on two previous occasions at Mrs. Ward's request. At oral argument, Mr. Ward's attorney asserted, and Mrs. Ward's attorney did not deny, that at least one of those earlier requests was also made on the very morning of trial, with Mr. Ward and his witness having been present, ready to proceed. Under these circumstances, we find no abuse of discretion.
Mrs. Ward's sole assignment of error is overruled.
 III
Mrs. Ward's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.